IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SMITH, K54173 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00271 |
| | ) | |
| DR. DEANNA BROOKHART, | ) | |
| ACTING WARDEN, | ) | The Honorable Andrea R. Wood |
| Lawrence Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S MOTION TO SET A FIRM RULING DATE IN THE
NEXT NINETY DAYS OR, IN THE ALTERNATIVE, ADMINISTRATIVELY
TRANSFER TO A JUDGE WHOSE DOCKET PERMITS A PROMPT RULING DATE**

Petitioner Kenneth Smith respectfully moves this Court for the entry of an order (1) setting a firm date by which this Court will resolve his pending petition for habeas corpus (the "Petition") within the next ninety days, or, in the alternative, (2) transferring this action to the Executive Committee for re-assignment to a judge whose docket will permit a prompt resolution of the Petition pursuant to the Court's Internal Operating Procedures, Procedure 13(d). In support of this request, Petitioner states:

1. Mr. Smith's pro bono counsel makes this motion most reluctantly. We have the utmost respect for Your Honor and would be pleased to have the Court resolve the merits of Mr. Smith's habeas corpus Petition. However, it does not appear that the Court's docket will permit the resolution of the Petition on a schedule that will serve justice. Consequently, in service of our factually innocent client who continues to be unjustly and unconstitutionally incarcerated, we make the unusual request of seeking a firm ruling date or, in the alternative, a transfer to a less crowded docket that will permit a prompt ruling.

2. As background, Mr. Smith's Petition seeks habeas relief from a 2013 Illinois state murder conviction. That conviction was after a second retrial, and was returned only after the jury deliberated for 2 and a half days. Mr. Smith is innocent. The record at his trial contained absolutely no physical evidence or eyewitness testimony that implicated Mr. Smith. Rather, as discussed in depth in his Petition, there was a wealth of reliable evidence—including multiple voluntary, unprompted recorded confessions—incriminating three individuals completely unrelated to Mr. Smith and exculpating Mr. Smith. Mr. Smith's conviction was affirmed by the Illinois Appellate Court based solely on a recanted out-of-court statement by an alleged accomplice that Illinois law permitted the jury to consider as substantive evidence. Mr. Smith's Petition explains that his conviction violates due process because that uncorroborated, recanted statement is insufficient to prove him guilty beyond a reasonable doubt, and also because of a number of egregious constitutional errors the trial court made. Notably, Mr. Smith's Petition does not require the Court to take any evidence or resolve any factual disputes—the Petition will be resolved as a matter of law.

3. Unfortunately, it appears that the Court's busy docket will prevent the Court from resolving the Petition on a schedule that is consistent with substantive justice. Mr. Smith filed his Petition on January 13, 2015 and it became fully briefed on September 8, 2015. The Petition has so far been pending and fully briefed for more than four years. The Court has not scheduled a status in this matter and has provided no further direct information about when it might resolve the Petition. On September 8, 2017, the second anniversary of his Petition's becoming fully briefed, Mr. Smith filed a Request for Status Report pursuant to Civil Local Rule 78.5. (Dkt. 35.) The Court has not entered an order in response to that Request. However, the most recent Criminal

Justice Reform Act report reflects that Your Honor has a crowded docket, with 71 actions pending for more than 3 years, and 39 motions pending more than 6 months.

4. If, as it appears, the Court's crowded docket will prevent the Court from resolving the Petition for many additional months or years, we respectfully request that the Court invoke the provisions of the Court's Internal Operating Procedures, Procedure 13(d), to transfer this case to the Executive Committee. The purpose of a writ of habeas corpus is, of course, to obtain speedy relief from custody that violates federal law or the United States Constitution. *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003). The statutory authorization for the writ makes clear that petitions for the writ must be resolved promptly. 28 U.S.C. § 2243 (writ or order to show cause to be issued "forthwith"; short return times on order to show cause). While it is of course expected that the courts and parties will need a reasonable amount of time to resolve petitions on their merits, if the resolution of a petition is delayed for an extended period of time, as Mr. Smith's has been here, that begins to defeat the substantive purpose of the writ and deprive the petitioner of substantive justice. *In re Habeas Corpus Cases*, 216 F.R.D. at 53. As Judge Weinstein wrote (*id*. at 52-53):

> The clear import of these statutory provisions is that habeas corpus matters are to be accorded a high priority; they must be resolved promptly by the court. *See Ruby v. United States*, 341 F.2d 585, 586–87 (9th Cir.1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him . . . ."). The statutory requirements accord with the historical roots of the Great Writ. It was meant to provide a "swift and imperative remedy in all cases of illegal restraint or confinement."
>
> Undue delay in the disposition of habeas corpus cases is unacceptable. Tardiness may prejudice the petitioner in supporting the petition. Some of his or her claims may merit release, with postponement leading to unnecessary continuation in custody.

5. Under the circumstances here, therefore, we request that the Court set a firm, prompt ruling date, or, in the alternative, arrange for a transfer to a judge with a less crowded docket. Those circumstances include the fact that the core of Mr. Smith's Petition is not just egregious procedural defects in his trial but his actual innocence and compelling evidence that others committed the crime for which he was convicted. Those circumstances include the fact that Mr. Smith's Petition has been fully-briefed and pending for more than four years, and it appears that it will be many additional months or years until it is resolved. Finally, those circumstances include the fact that, in the absence of any factual matter for the Court to evaluate or resolve, this Court's determination will almost certainly be revisited in full by the Seventh Circuit—*de novo*, and with no deference to any of this Court's findings. Counsel for Mr. Smith respectfully reiterate that we have the utmost esteem for this Court and would be pleased to have the Court resolve the merits of Mr. Smith's Petition but, if the Court is not able to do so promptly, reluctantly ask the Court to arrange for transfer to a less crowded docket.

Dated: January 9, 2020

Respectfully submitted,

KENNETH SMITH

By: One of His Attorneys

*/s/ David Jiménez-Ekman*\_\_\_\_

David Jiménez-Ekman, Bar No. 6210519
Katharine R. Ciliberti, Bar No. 6308753
Emma J. O'Connor, Bar No. 6330221
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484

**CERTIFICATE OF SERVICE**

I certify that on January 9, 2020, I electronically filed the foregoing PETITIONER'S MOTION TO SET A FIRM RULING DATE IN THE NEXT NINETY DAYS OR, IN THE ALTERNATIVE, ADMINISTRATIVELY TRANSFER TO A JUDGE WHOSE DOCKET PERMITS A PROMPT RULING DATE with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notice to all counsel of record.

By: */s/ David Jiménez-Ekman*

David Jiménez-Ekman, Bar No. 6210519
JENNER & BLOCK LLP
353 N. Clark St. Chicago, IL 60654
Telephone: (312) 222-9350