IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SMITH, K54173, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 15 C 271 |
| DEANNA BROOKHART, Acting Warden, | ) | |
| Lawrence Correctional Center, | ) | The Honorable |
| | ) | Andrea R. Wood, |
| Respondent. | ) | Judge Presiding. |

**RESPONSE TO RENEWED MOTION FOR RELEASE**

Pursuant to this Court's December 17, 2020 order, Doc. 78, respondent

responds to petitioner's renewed motion for release on bond pending appeal, Docs.

76 &77.  This Court should deny the renewed motion because it has already

determined that respondent has a substantial case on the merits, and petitioner's

attempt to find meaning in the Seventh Circuit panel's comments during oral

argument cannot alter that conclusion.  Further, this Court has also already

determined that, given petitioner's conviction of first degree murder, respondent

has a substantial interest in continuing custody, and the public interest leans in

favor of denying release.  Doc. 74 at 3.  If anything has changed since this Court's

prior ruling, petitioner's interest in release pending the resolution of the appeal has

decreased because resolution of the appeal is significantly closer.

**Background**

On March 10, 2020, this Court granted petitioner's habeas petition

challenging his convictions of first degree murder and attempted armed robbery and

ordered respondent to initiate proceedings to retry petitioner or release him within 120 days. Docs. 52, 53 & 54.

On April 9, 2020, respondent filed a notice of appeal and a motion to stay this Court's judgment pending resolution of the appeal. Docs. 55 & 56.

Petitioner filed a motion for a certificate of appealability regarding this Court's denial of his claim that there was insufficient evidence to convict him, Doc. 61, which this Court granted, Doc. 63, and on April 17, 2020, petitioner filed a notice of cross-appeal, Doc. 64.

On April 27, 2020, petitioner filed a memorandum opposing respondent's motion to stay and in support of his motion for release on bond pending appeal. Doc. 69; *see also* Doc. 68 (petitioner's motion).

On July 6, 2020, after full briefing by the parties, *see also* Doc. 72, this Court granted respondent's motion to stay the judgment pending appeal and denied petitioner's cross-motion for release. Doc. 74.

Meanwhile, on June 18, 2020, respondent filed her opening brief in the appeal. *See Smith v. Brookhart*, No. 20-1588 (7th Cir.), Doc. 14.

On August 3, 2020, petitioner filed his response and cross-appeal main brief in the appeal. *See Smith v. Brookhart*, No. 20-1588 (7th Cir.), Doc. 23.

On September 2, 2020, respondent filed her cross-appeal response and main appeal reply brief. *See Smith v. Brookhart*, No. 20-1588 (7th Cir.), Doc. 27.

On September 23, 2020, petitioner filed his reply brief in support of his cross-appeal. *See Smith v. Brookhart*, No. 20-1588 (7th Cir.), Doc. 31.

On November 12, 2020, the Seventh Circuit heard oral argument. *See Smith v. Brookhart*, No. 20-1588 (7th Cir.), Doc. 31.

On December 16, 2020, petitioner filed this renewed motion for release on bond pending appeal. Docs. 76 &77.

## Argument

A judgment granting habeas relief should be stayed if (1) the State shows a likelihood of success or substantial case on the merits; (2) the State "will be irreparably injured absent a stay"; (3) the stay will not "substantially injure the other parties"; and (4) "the public interest" favors a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Etherly v. Schwartz*, 590 F.3d 531, 532 (7th Cir. 2009) (per curiam) (holding district court erred in denying motion to stay judgment granting habeas relief pending appeal); Doc. 74 at 2.

This Court has already applied this test and determined that respondent has a substantial case on the merits, particularly in light of the deferential standard of review applicable to state court judgements on habeas review. *See* Doc. 74 at 3 ("In short, considering the State's arguments against habeas relief in light of the deferential review that the Seventh Circuit will undertake, the Court cannot conclude that the State does not have a substantial case on the merits."). This is consistent with Seventh Circuit precedent noting that section 2254(d)'s deferential

3

standard of review is key in determining whether respondent has a substantial

case. *See Etherly*, 590 F.3d at 532 ("In light of the highly deferential standard and

after having an opportunity to review the arguments, contrary to the district court,

we are not persuaded that the state has failed to show a substantial likelihood of

success on the merits.").

Petitioner asks this Court to change course and reverse its prior

determination because during oral argument in the pending appeal, the Seventh

Circuit "panel expressed serious concern about the same issues that this Court

correctly identified as warranting a new trial." Doc. 77 at 3. But petitioner fails to

cite a single precedent that suggests that this Court should find conclusive, or even

persuasive, the judges' comments at oral argument. To the contrary, jurists often

ask questions for reasons other than expressing their true assessment of the case,

including simply testing the parties' positions. See, *e.g.*, Rex E. Lee, *Oral Argument*

*in the Supreme Court*, A.B.A.J., June 1986, at 60 (1986) ("It should not be inferred,

however, that comments in oral argument always reflect the justices' views. In the

case of some members of the present Court, what you see and hear at oral argument

is what you get at the conference vote. In other cases, it is not."). And it is no

wonder that appellate judges would question an appellant regarding her arguments

that the District Court judgment was incorrect.

Further, this Court has also already determined that respondent "has a

substantial interest in continuing custody given that [petitioner] was convicted of

first-degree murder." Doc. 74 at 3 (citing *Etherly*, 590 F.3d at 532) (State had

strong interest in continuing custody due, in part, to petitioner's conviction for first-

degree murder). That "interest is particularly strong here where the unserved

portion of Smith's sentence is long; he is not projected to be placed on mandatory

supervised release until 2068." Doc. 74 at 3; *see also id.* ("Moreover, the possibility

of having to serve the remainder of that sentence heightens the possibility that

Smith may attempt to flee if the State prevails on appeal or retrial.").

If anything has changed since this Court's prior determination, petitioner's

interest in release pending the resolution of the appeal has only *decreased* because

resolution of the appeal is significantly closer. The case has been fully briefed for

103 days, and oral argument was held 53 days ago. *See supra* pp. 2-3. The parties

have proceeded expeditiously to allow a quick resolution; respondent did not seek

any extension of time to file her cross-appeal response and main appeal reply brief

and sought only a single, 30-day extension for her main appeal opening brief.

And while petitioner may be correct that "[s]ince this Court entered its Order,

the COVID-19 public health crisis in Illinois (and in the United States at large) has

been largely unabated," Doc. 77 at 3, that does not demonstrate a material change

in his interest in release. In denying his original motion for release, this Court

determined that petitioner had "not shown that the Illinois Department of

Corrections does not have measures in place to protect its inmates from COVID-19."

Doc. 74 at 3 (citing *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1113 (N.D. Ill. 2020)

("IDOC has enacted measures consistent with CDC guidelines to protect those who are housed and work in Illinois prisons . . . .")). COVID-19 cases are present throughout the Illinois prison population and the population as a whole, and petitioner has not demonstrated that he faces any substantially increased risk at Lawrence Correctional Center. *See* Illinois Department of Public Health, COVID-19 Statistics, *available at* https://tinyurl.com/ycfbnfg4 (last visited Jan. 4, 2021) (showing 948,880 total COVID-19 cases in Illinois and 42,518 new cases in the last week). Most of the cases at Lawrence are no longer active. *See* IDOC, COVID-19 Response, *available at* https://tinyurl.com/y5mctsxg (last visited Jan. 4, 2021) (website providing up-to-date information on IDOC's response to pandemic and showing 829 incarcerated persons with cases at Lawrence, 468 of whom have already recovered). And of the (now) 177 confirmed cases among Lawrence staff since the pandemic began, 163 have recovered. *Id.*

Moreover, petitioner proceeds from the mistaken premise that he will be released from custody during the pendency of the appeal if this Court grants his renewed motion. Although the federal habeas judgment would not be stayed, the State will institute proceedings to retry petitioner, who would be subject to state court pretrial rules, under which he may be ineligible for bail. *See* 725 ILCS 5/110-4(a); 725 ILCS 5/110-6.1. In other words, he would be released from IDOC custody, but remain subject to custody in the county jail. Even if he were eligible for bail, in arguing against a surety, he has admitted that "[a]ll indications are that" he would

6

be unable to meet the financial requirement sure to be set for a first degree murder charge. Doc. 77 at 14; *see also* 725 ILCS 5/110- 5(a) ("In determining the amount of monetary bail . . ., the court shall . . . take into account such matters as the nature and circumstances of the offense charged, whether the evidence shows that as part of the offense there was a use of violence or threatened use of violence").

Finally, this Court has already determined that "the public interest leans in favor of denying release." Doc. 74 at 3. The Court explained that petitioner "was convicted of a serious crime in first degree murder"; "has a criminal history separate from the convictions at issue here, as he was previously convicted of burglary"; and his disciplinary record during incarceration "includes an infraction for possessing dangerous contraband." *Id.* All of that remains true.

In sum, there has been no significant change since this Court determined that respondent has a substantial case on the merits, that respondent has a substantial interest in continuing custody, and that the public interest leans in favor of denying release. If anything, the fact that the appeal is now that much closer to a resolution argues *against* petitioner's motion for release.

## Conclusion

This Court should deny the renewed motion for release.


January 4, 2021                                    Respectfully submitted,

                                                   KWAME RAOUL
                                                   Attorney General of Illinois

                                          By:      /s/ Eldad Z. Malamuth
                                                   ELDAD Z. MALAMUTH, Bar #6275421
                                                   Assistant Attorney General
                                                   100 West Randolph Street, 12th Floor
                                                   Chicago, Illinois 60601-3218
                                                   PHONE: (312) 814-2235
                                                   EMAIL: emalamuth@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on January 4, 2021, I electronically filed respondent's

**Response to Renewed Motion for Release** with the Clerk of the United States

District Court for the Northern District of Illinois, Eastern Division, using the

CM/ECF system, which will automatically serve notice on counsel for petitioner, a

registered CM/ECF user.

/s/ Eldad Z. Malamuth
ELDAD Z. MALAMUTH, Bar #6275421
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2235