**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 15-cv-00271 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| DEANNA BROOKHART, Warden, | ) | |
| Lawrence Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner's renewed motion for release on bond pending appeal [76] is denied. See the accompanying Statement for details.

**STATEMENT**

On March 10, 2020, this Court granted Petitioner Kenneth Smith's petition for a writ of habeas corpus and vacated Smith's convictions for first-degree murder and attempted armed robbery, for which he was serving a sentence of sixty-seven years' imprisonment. Specifically, the Court found that the Illinois Appellate Court violated Smith's Sixth Amendment rights to present a complete defense and to confront witnesses against him when it affirmed certain trial court evidentiary rulings. This Court then gave the State 120 days either to initiate proceedings to retry Smith or to release him from custody. The State timely filed a notice of appeal along with a motion to stay the Court's judgment pending appeal. Smith opposed the State's motion and filed a cross-motion for release on bond pending appeal. This Court granted the State's motion to stay judgment pending appeal and denied Smith's motion for release on bond pending appeal. (Dkt. No. 74.) Now, Smith renews his motion for release on bond pending appeal. (Dkt. No. 76.) For the following reasons, Smith's motion is denied.

Federal Rule of Appellate Procedure 23(c) provides:

While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Rule 23(c) establishes a presumption of release pending appeal for a successful habeas petitioner. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). That presumption, however, may be overcome if the traditional factors regulating the issuance of a stay weigh in favor of granting a stay. *Id.* at 777. Those factors are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. Specific considerations under these factors include "the possibility that a prisoner may flee while the appeal is pending, the risk that a prisoner may pose to the public, and the state's interest in continuing custody and rehabilitation, which will be stronger when the remaining portion of the sentence to be served is long." *Raether v. Dittmann*, No. 13-CV-46, 2014 WL 7345180, at *1 (E.D. Wis. Dec. 23, 2014).

In its prior ruling denying Smith's motion for release, the Court found that the State had sufficiently shown a substantial case on the merits of its appeal given the deferential review the Seventh Circuit would undertake. Further, the State had a substantial interest in continuing custody given that Smith was convicted of first-degree murder and the unserved portion of his sentence was long. The Court also found that the public interest favored denying release on account of the serious nature of the crimes of conviction. At the same time, the Court recognized the ongoing irreparable harm to Smith from serving a term of incarceration based on an unconstitutional conviction. Nonetheless, the Court found that the balance of factors weighed in favor of the State and denied Smith's motion for release.

Since the Court's previous denial of release, there have been two changes in circumstances. First, the Seventh Circuit has heard oral argument on the parties' cross-appeals of the Court's grant of habeas relief to Smith. According to Smith, the Court should reevaluate the State's likelihood of success in its appeal because he believes the Seventh Circuit panel's questioning strongly indicates that it will affirm this Court's grant of habeas relief. However, this Court does not believe that an appellate panel's questions and comments at oral argument are an appropriate consideration in evaluating an appeal's likelihood of success on the merits. Each judge has his or her own individual motivations and strategies informing their approach to oral argument in a given case. And so the nature and tone of any particular judge's questioning is not necessarily predictive of how they will ultimately rule.

Even if the questioning by the Seventh Circuit panel reflects sympathy to Smith's cause, the panel may nonetheless conclude that it cannot affirm this Court's grant of habeas relief due to the highly deferential standard of review. As this Court previously observed, in the habeas context "there are situations where 'judges will encounter convictions that they believe to be mistaken, but they must nonetheless uphold.'" *Smith v. Brookhart*, No. 15-cv-00271, 2020 WL 1157356, at *19 (N.D. Ill. Mar. 10, 2020) (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)). Finally, even if the panel rules in Smith's favor, that does not necessarily mean the State's appeal has come to an end. There remains the possibility that the State will seek en banc review or file a petition for a writ of certiorari with the Supreme Court. In short, the Court declines to reconsider its previous evaluation of the State's likelihood of success on the merits.

Next, Smith argues that his battle with the COVID-19 virus weighs in favor of his release. In his first motion for release, Smith argued that he faced irreparable harm from the significant

risk he faced of contracting COVID-19 in the prison environment. He claimed his risk was particularly acute in light of his preexisting asthma and respiratory issues. The Court, however, found that there were no reported COVID-19 cases at his place of incarceration, Lawrence Correctional Center, and that the Illinois Department of Corrections had sufficient measures in place to protect inmates from COVID-19. Unfortunately, since the Court's ruling, COVID-19 has spread throughout Lawrence Correctional Center, and Smith has tested positive for the virus. He reports experiencing symptoms such as difficulty breathing, body aches, and headaches. Moreover, Smith claims that he has not received adequate medical care, as his simple requests for painkillers have been denied and he has not been given consistent access to the emergency inhaler prescribed for his asthma. While Smith's concern regarding his health and medical care is understandable, the Court does not believe that Smith's COVID-19 diagnosis tilts the balance of the factors in his favor. While the Court agrees that Smith should have consistent access to his inhaler and appropriate painkillers during his illness, he has not shown that his COVID-19 illness is so severe and the alleged deprivation of medical care so great that continued detention would seriously endanger his life or long-term health.

For the reasons discussed above, the Court concludes that neither the Seventh Circuit oral argument nor Smith's recent COVID-19 diagnosis justifies reconsideration of its previous order denying Smith's motion for release. For that reason, his renewed motion for release is denied.

Dated: January 28, 2021

_____
Andrea R. Wood
United States District Judge